1  **WO**

2

3

4

5

6          **IN THE UNITED STATES DISTRICT COURT**

7          **FOR THE DISTRICT OF ARIZONA**

8

9  Abdullah Sherdil,                          )     No. CV-07-629-PHX-DGC
                                              )
10              Plaintiff,                     )     **ORDER**
                                              )
11  vs.                                        )
                                              )
12  Michael Chertoff, Secretary of            )
    Department of Homeland Security; and      )
13  Robert J. Okin, District Director,         )
    Phoenix, Arizona,                          )
14                                             )
                                              )
15              Defendants.                    )
                                              )
16  _____ )

17

18          Defendants have filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of

19  the Federal Rules of Civil Procedure.  Dkt. #14.  A response and reply have been filed.

20  Dkt. ##15, 21.  The Court will deny the motion.

21  **I.      Background.**

22          On November 4, 2000, Plaintiff Abdullah Sherdil applied to become a lawful

23  permanent resident of the United States by filing a Form I-485 with the Phoenix District

24  Office of the Bureau of Citizenship and Immigration Services ("CIS").  Plaintiff sought to

25  adjust his status pursuant to Section 245 of the Immigration and Naturalization Act ("INA"),

26  8 U.S.C. § 1255.  Seven years have passed with no decision on the application.

27          Defendant Robert Okin is the District Director of the Phoenix District Office of CIS.

28  Defendant Okin is responsible for the processing of adjustment of status applications filed

1    with his office.  Defendant Michael Chertoff, Secretary of Homeland Security, is charged

2    with administering the CIS and enforcing the INA.

3        Plaintiff alleges that Defendants have unreasonably delayed the processing of his

4    application.  Plaintiff seeks an order from this Court compelling Defendants to adjudicate his

5    application.  Plaintiff asserts that the Court has subject matter jurisdiction under the federal

6    question statute, 28 U.S.C. § 1331, the Mandamus Act, 28 U.S.C. § 1361, the All Writs Act,

7    28 U.S.C. § 1651, and the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 et seq.

8    Dkt. #1.

9        Defendants assert that before a decision can be rendered on an alien's application to

10   adjust status, the CIS, in conjunction with the FBI, must conduct various security and

11   background checks on the applicant.  Defendants claim that adjudication of Plaintiff's

12   application is not complete because FBI name checks are still outstanding.  Defendants

13   contend that this Court lacks jurisdiction to compel Defendants to process Plaintiff's

14   application within a specific time period.  Dkt. #14.

15   **II.    Analysis.**

16       Defendants argue that 8 U.S.C. § 1252 divests this Court of subject matter jurisdiction.

17   Section 1252 provides that no court shall have jurisdiction to review any "decision or action"

18   of the Attorney General "the authority for which is specified under this subchapter to be in

19   the discretion of the Attorney General[.]" 8 U.S.C. § 1252(a)(2)(B)(ii).  Defendants contend

20   that the Attorney General has discretion to adjust an alien's status under 8 U.S.C. § 1255, and

21   that § 1252 therefore deprives the Court of jurisdiction.  Dkt. #14 at 5-8.  Plaintiff argues that

22   § 1252 does not apply because he is not asking the Court to review a "decision or action" of

23   the Attorney General, but instead is challenging the government's inaction.  Dkt. #15 at 2-3.

24       Some courts have agreed with Defendants' view that § 1252 reflects a Congressional

25   intent to leave the pace of adjudication to the discretion of the Attorney General and to

26   preclude judicial review.  *See, e.g.*, *Safadi v. Howard*, 466 F. Supp. 2d 696, 698-700 (E.D.

27   Va. 2006); *Grinberg v. Swacina*, 478 F. Supp. 2d 1350, 1352 (S.D. Fla. 2007); *Li v. Chertoff*,

28   482 F. Supp. 2d 1172, 1177 (S.D. Cal. 2007).   Other courts have concluded that the

1   discretion afforded by § 1255 does not allow the Attorney General to delay the processing

2   of applications indefinitely and that § 1252 therefore does not preclude judicial review. *See,*

3   *e.g.*, *Dong v. Chertoff*, 513 F. Supp. 2d 1158, 1165-66 (N.D. Cal. 2007); *Tang v. Chertoff*,

4   493 F. Supp. 2d 148, 153-54 (D. Mass. 2007); *Cao v. Upchurch*, 496 F. Supp. 2d 569, 573

5   (E.D. Pa. 2007); *Elmalky v. Upchurch*, No. 3:06-CV-2359-B, 2007 WL 944330, at *4-5

6   (N.D. Tex. Mar. 28, 2007); *Saleem v. Keisler*, - - - F. Supp. 2d - - -, No. 06-C-712-C, 2007

7   WL 3132233, at *4-5 (W.D. Wis. Oct. 26, 2007).

8          The APA provides that a government agency shall conclude a matter presented to it

9   "within a reasonable time," 5 U.S.C. § 555(b), and that a reviewing court shall "compel

10   agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1). Most courts

11   that have found subject matter jurisdiction have based their decision on § 555(b). *See, e.g.*,

12   *Tang*, 493 F. Supp. 2d at 154; *Cao*, 496 F. Supp. 2d at 575; *Saleh v. Ridge*, 367 F. Supp. 2d

13   508, 511-12 (S.D.N.Y. 2005); *Duan v. Zamberry*, No. 06-1351, 2007 WL 626116, at *4

14   (W.D. Pa. Feb. 23, 2007); *Wang v. Chertoff*, No. CIV 07-077-TUC-GEE, 2007 WL 4200672,

15   at *2 (D. Ariz. Nov. 27, 2007).

16          Other courts have found that a specific regulation, 8 C.F.R. § 103.2(b)(18), imposes

17   a non-discretionary duty on CIS to act on applications to adjust status. *See Dong*, 513 F.

18   Supp. 2d at 1166-67; *Elmalky*, 2007 WL 944330, at *4; *Saleem*, 2007 WL 3132233, at *8;

19   *Lin v. Chertoff*, No. CIV-07-382-F, 2007 WL 2301118, at *2 (W.D. Okla. Aug. 8, 2007).

20   These courts have concluded that where the government fails to comply with § 103.2(b)(18),

21   jurisdiction exists to compel the government to act on the application under § 706(1) of the

22   APA and 28 U.S.C. § 1331. *Id.* The Court agrees with these cases and finds *Dong* to be the

23   best reasoned. While the ultimate decision to grant or deny an application to adjust status

24   under § 1255 is unquestionably discretionary, "there exists a non-discretionary duty to act

25   on and process the application." 513 F. Supp. 2d at 1165. That duty arises from

26   § 103.2(b)(18), which is titled "Withholding adjudication" and sets forth a specific

27   framework for both the timing and manner of withholding adjudication of adjustment of

28   status applications. Where the allegation is that the CIS has acted inconsistently with

1  § 103.2(b)(18), the Court has jurisdiction to hear that claim and compel action under § 706(1)

2  of the APA, in conjunction with federal question jurisdiction, 28 U.S.C. § 1331. *Dong*, 513

3  F.Supp.3d at 1167. Thus, "'even if the act were discretionary, the [Attorney General] cannot

4  simply refuse to exercise his discretion.'" *Id.* at 1165 (quoting *Independence Mining Co. v.*

5  *Babbitt*, 105 F.3d 502, 507 n.6 (9th Cir. 1997)).

6          The Court is not persuaded that the word "action" in § 1252(a)(2)(B)(ii) should

7  be construed as divesting the courts of jurisdiction to review the pace of adjudication.

8  "The phrase 'decision or action' connotes some affirmative conduct by the Attorney General.

9  The 'action' of the statute should therefore not be equated with 'inaction,' and 'indefinite

10  inaction' should not be considered as falling under the rubric of the discretion accorded the

11  Attorney General." *Id.* at 1166 (citation omitted).

12          Construing the allegations of Plaintiff's complaint in his favor, as the Court must at

13  this stage, the Court finds that Plaintiff may be able to present facts showing that Defendants

14  have failed to comply with  § 103.2(b)(18) in withholding adjudication of his application.

15  The Court therefore has subject matter jurisdiction over Plaintiff's claims, and will deny the

16  motion to dismiss. *See Dong*, 513 F. Supp. 2d at 1168 ("Section 103.2(b)(18) allows for the

17  withholding of adjudication, for specified intervals, upon completion with specific procedural

18  requirements. Absent such compliance, judicial review is not precluded."); *Cao*, 496 F.

19  Supp. 2d at 576 ("In the absence of compliance with the stated procedure, § 103.2(b)(18)

20  does not give defendants discretion to delay resolution of plaintiffs' applications."); *Elmalky*,

21  2007 WL 944330, at *4 (finding jurisdiction where the defendants presented no evidence that

22  they had acted pursuant to § 103.2(b)(18)); *Saleem*, 2007 WL 3132233, at *8 ("[W]hatever

23  discretion § 103.2(b)(18) grants, the regulation could not preclude judicial review unless the

24  defendants exercised their discretion pursuant to the regulation."); *Lin*, 2007 WL 2301118,

25  at *2 ("[D]efendants have not submitted any evidence that they exercise any discretion

26  pursuant to 8 C.F.R. § 103.2(b)(18) to hold adjudication of plaintiff's application in abeyance

27  for any period. The court finds that it has subject matter jurisdiction to entertain plaintiff's

28  mandamus complaint.").

1  **IT IS ORDERED** that Defendants' motion to dismiss (Dkt. #14) is **denied**.

2  DATED this 20th day of December, 2007.

3

4

5

6 _____

David G. Campbell
7  United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28